UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81154-CIV-MARRA

EDUARDO RIVERO,
GIANNI O. RIVERO, and all similarly
situated individuals,

Plaintiff,

vs.

LEFELD & SON, LLC, a Florida limited
liability company and RODOLFO LEFELD,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff Eduardo Rivero's Motion to Dismiss Amended Counterclaim for Lack of Jurisdiction (DE 26) and Plaintiffs Eduardo Rivero and Gianno Rivero's Motion to Strike Defendants' Amended Affirmative Defenses (DE 27).[1] The Court has carefully considered the Motions and is otherwise fully advised in the premises.

I.  Background

Plaintiffs Eduardo Rivero ("E. Rivero") and Gianni Rivero ("G. Rivero") (collectively, "Plaintiffs") bring a three count Complaint against Defendants Lefeld & Son, LLC and Rodolfo Lefeld (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (Compl., DE 1.)   According to the allegations of the Complaint, E. Rivero worked for Defendants at a Subway sandwich shop from March 2012 to May 1, 2013.  He was

---

[1] Plaintiffs did not label this document as a motion, but the document requests that the Court strike several affirmative defenses.  Therefore, the Court is construing it as a motion.

paid an hourly wage until about October 2012 at which time he began to receive a flat salary. Although he was named as a manager in May of 2012, he was still paid an hourly wage and his duties consisted of being counter help and a sandwich artist. He was not paid for overtime at the overtime rate. (Compl. ¶ 10.)  From June 25, 2012 to May 27, 2013, G. Rivero worked for Defendants at the same Subway shop and was paid an hourly wage for being counter help and a sandwich maker. He was not paid for overtime at the overtime rate. (Compl. ¶ 11.)

Along with the Amended Answer, Defendants asserted Amended Counterclaims for theft, fraud, conversion and breach of contract against E. Rivero. Defendants hired E. Rivero in March 2012 to work as a sandwich maker at a Subway store and was paid an hourly wage. (Counterclaim ¶¶ 7-8.)  In August of 2012, E. Rivero was promoted to manager and paid a weekly salary. (Counterclaim ¶ 8.)  In June of 2012, E. Rivero hired his son, G. Rivero, to work at this Subway store. (Counterclaim ¶ 9.)

In late 2012 through early 2013, E. Rivero engaged in discussions with Defendant to purchase several Subway stores which eventually resulted in the execution of a management agreement. (Counterclaim ¶¶ 10-11.)  The agreement provided a path to ownership, and made E. Rivero responsible for paying all business-related expenses, including but not limited to rent, labor, utilities, operating expenses, merchandise, materials and supplies. (Counterclaim ¶ 12.)  It also provided that E. Rivero would pay $1,923.19 on a monthly basis to Defendant. (Counterclaim ¶ 13.)  If E. Rivero complied with all these obligations, he would be given an option to purchase four Subway locations and keep the monthly net operating profits from one location. (Counterclaim ¶ 15.)  The agreement did not become operational until April 24, 2013. (Counterclaim ¶ 15.)  E. Rivero breached the agreement. (Counterclaim ¶ 16.)

In addition, from March 2012 through May 2013, E. Rivero would clock into work but then leave the store for extended periods of time to handle personal matters and then submit fraudulent hours worked to Defendants, who overpaid paid him for all those hours. (Counterclaim ¶ 17.)  To conceal this and other improper activity, he would disconnect the store's surveillance cameras.   While disconnected, he would engage in sexual relations with other Subway employees and would submit those hours as work-related hours, including overtime. (Counterclaim ¶ 18.)   Additionally, from April 24, 2013 to May 24, 2013, E. Rivero failed to deposit, and retained for his personal use, in excess of $7,500 of the cash proceeds. (Counterclaim ¶ 20.)  He also used the company debit card and checkbook without permission for approximately $6,500. (Counterclaim ¶ 21.)  These actions depleted the company bank account, food and beverage supplies were not paid, and automatic debit transactions were declined due to insufficient funds. (Counterclaim ¶ 22.)  Defendants were forced to close the restaurant for reorganization and remove Plaintiffs from employment.[2] (Counterclaim ¶ 25.) The four week closing cost Defendants more than $30.000.00. (Counterclaim ¶ 27.)

Along with the Counterclaim, Defendants asserted numerous affirmative defenses, including the following:

> FIRST AFFIRMATIVE DEFENSE
> The Defendants would state that Plaintiffs have failed to join an indispensable party . . . Specifically, as to Counts 2 and 3 of the complaint, if the Plaintiff Gianni Rivero failed to receive payments for hours worked between April 24 and May 27, 2013 as alleged, the party solely responsible for any damages is his father, Eduardo Rivero and not the Defendants [ ].

---

[2] G. Rivero assisted his father by covering the business when E. Rivero was gone and did not bring any of E. Rivero's actions to Defendants' attention.  (Counterclaim ¶ 19.)

3

SECOND AFFIRMATIVE DEFENSE
The Defendants would state that the Plaintiffs have a duty to mitigate any damages that were allegedly sustained and wholly failed to do so.

THIRD AFFIRMATIVE DEFENSE
The Defendants would state that Plaintiffs came to court with unclean hands and are prohibited by reason thereof from obtaining relief from this Court.  Specifically, Plaintiffs, either individually or collectively engaged in a pattern of fraud, theft and misconduct sufficient to legally bar relief and/or reduce any damages proportionately.

Plaintiffs move to strike these three affirmative defenses and Plaintiff E. Rivero moves to dismiss the amended counterclaim for lack of jurisdiction.

II.  Discussion

A.  Motion to Strike

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991); Westfield Ins. Co. v. Northland Ins. Co., No. 08-80748-CIV, 2008 WL 4753994, at * 2 (S.D. Fla. Oct. 28, 2008).  The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)[3] (quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)); Exhibit Icons, LLC v. XP Companies, LLC, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009). That stated, an affirmative defense may be stricken if the defense is

---

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

"insufficient as a matter of law." Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. Id.

The Court will not strike the first affirmative defense. There is nothing improper about Defendants raising the affirmative defense of the failure to join a necessary party. Rule 12 of the Federal Rules of Civil Procedure requires that a defendant raise the failure to join necessary parties in a responsive pleading. Fed. R. Civ. P. 12(b)("every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required"); see Baykeeper v. Union Pacific R. Co., No. 06–02560 JSW, 2009 WL 1517868, at * 2 (N.D. Cal. June 1, 2009) ("Courts have clearly found that although the absence of an indispensable party may be raised at any time, the failure to join necessary parties may be waived if objections are not made in the defendant's first responsive pleading"). The Court notes that Plaintiffs challenge the affirmative defense, but that does not make it improper. At the summary judgment stage, Plaintiffs can re-assert their challenges to this affirmative defense.

The Court will strike the second affirmative defense, as several courts in this judicial circuit have found that mitigation of damages is not a recognized defense under the FLSA. See Perales v. Schear Corp., No. 2:09–cv–669–FtM–29DNF, 2010 WL 1839295, at * 2 (M.D. Fla. May 10, 2010); King v. ITT Educ. Servs., Inc., 3:09–cv–848–J–32MCR, 2009 WL 3583881, at * 3 (M.D. Fla. Oct. 27, 2009); Perez–Nunez v. N. Broward Hosp. Dist., No. 08–61583–CIV, 2009 WL 723873, at * 2 (S.D. Fla. Mar.13, 2009); Gonzalez v. Spears Holdings, Inc., No. 09–60501–CIV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009); Morrison v. Executive

5

Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005).

The Court will not strike the unclean hands defense as legally insufficient. Several courts in this judicial circuit have found that this defense may apply in a FLSA case when a plaintiff's wrongdoing is directly related to the claim against which it is asserted, and defendant suffered a personal injury as a result of the conduct. Wlodynski v. Ryland Homes of Florida Realty Corp., No. 8:08-CV-00361-JDW-MAP, 2008 WL 2783148, at * 4 (M.D. Fla. June 17, 2008); see Curry v. High Springs Family Practice Clinic and Diagnosis Ctr., Inc., No. 1:08-cv-00008-MP-AK, 2008 WL 5157683, at * 3 (N.D. Fla. Dec. 9, 2008) (permitting the affirmative defense to proceed); McGlothan v. Walmart Stores, Inc., No. 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *3 (M.D. Fla. June 14, 2006) (same). Indeed, the Eleventh Circuit in Lamonica v. Safe Hurricane Shutters, 711 F.3d 1299, 1308 (11th Cir. 2013) left open the similar question of whether the in pari delicto defense is consistent with the policies underlying the FLSA.[4] At this early stage, the Court declines to analyze whether the facts pled in the affirmative defense would support the application of a clean hands defense as that question is best answered on a complete record.

Thus, for the foregoing reasons, the second affirmative defense is granted in part and denied in part.

B.   Motion to Dismiss Amended Counterclaim

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme

---

[4] The Court recognizes that, prior to the Lamonica decision, this Court found that the defense of unclean hands would not apply in FLSA cases. See Lee v. Askin Trucking, Inc., No. 05–14335–CIV, 2006 U.S. Dist. LEXIS 97552, at *7 (S.D. Fla. Feb. 7, 2006).

Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

E. Rivero claims the Court should not exercise supplemental jurisdiction over the counterclaims, as the counterclaims would involve additional witnesses and evidence which would be unrelated to the FLSA claim.  E. Rivero states that the only counterclaim related to the FLSA claim is the fraud claim because it alleges he falsified time records to increase his pay.  E. Rivero also argues that his FLSA claim and the breach of contract counterclaim cover different time periods.  E. Rivero contends that the amount of money sought in the counterclaim essentially makes those counterclaims set-offs because the amount exceeds the FLSA claim and

the gross wages paid to him by Defendants.

The Court begins its analysis with an examination of the Supplemental Jurisdiction statute, 28 U.S.C. § 1367. That statute provides in pertinent part:

> ... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

In determining whether state law claims "are so related" to a federal claim, a court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." Hudson v. Delta Air Lines, Inc., 90 F.3d 451, 455 (11th Cir.1996); see Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir.1997) (finding state and federal claims derive from common nucleus of operative facts because the claims rely on identical actions of defendants); Palmer v. Hospital Auth. of Randolph County, 22 F.3d 1559, 1563-64 (11th Cir.1994) (standard met when federal and state claims involve same witnesses, presentation of same evidence, determination of same facts); L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir.1984) (acts by same witnesses were basis for both federal and state claims).

It is without question that a claim brought pursuant to the FLSA provides a private right of action, grounded in federal law, and therefore creates federal question jurisdiction. 29 U.S.C. 216(b), 28 U.S.C. § 1331; see Palmer, 22 F.3d at 1563. The pivotal question before the Court then is whether the counterclaims and the FLSA claim arise out of a common nucleus of operative facts. The Court finds that it does. The FLSA claim and the counterclaims stem from the employer/employee relationship and the duties and obligations of both Defendants and E. Rivero. Indeed, while E. Rivero claims he is entitled to overtime, Defendants claim that he

submitted false time records, was overpaid for hours he never worked, and took money he was not entitled to receive.[5]

Equally unpersuasive is E. Rivero's argument that set-off defenses are not permitted in FLSA cases. To be sure, set-offs in FLSA cases raise a concern when the set-off causes the employees' wages to fall below the statutory minimum wage.  See Brennan v. Heard, 491 F.2d 1, 3 (5th Cir. 1974), overruled on other grounds, McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988) ( in FLSA cases, set-offs may not result in sub-minimum wage payments to an employee); Singer v. City of Waco, Tex., 324 F.3d 813, 828 n.9 (5th Cir. 2003) (set-offs are not prohibited when it will not cause a plaintiff's wages to dip below the statutory minimum).   However, the counterclaim alleges in part that E. Rivero received payments for hours he did not actually work. Thus, to the extent his claim for alleged overtime is based on hours he did not work, there would be no danger of running afoul of the set-off rule in FLSA cases because his pay would not be reduced below the minimum wage.  That stated, should E. Rivero prevail on his FLSA claim, Defendants will only be permitted recovery on the counterclaims to the extent they do not reduce E. Rivero's claim below the minimum wage.

For the reasons stated here, the motion to dismiss the counterclaims is denied.

---

[5] In his motion, E. Rivero claims he is only seeking overtime for the period before April 23, 2013. (Mot. at 1.)  The Court notes that the fraud counterclaim relates to  dates prior to April 23, 2013.  (Counterclaim ¶ 17.)

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Plaintiff Eduardo Rivero's Motion to Dismiss Amended Counterclaim for Lack of Jurisdiction (DE 26) is **DENIED**.

2) Plaintiffs Eduardo Rivero and Gianno Rivero's Motion to Strike Defendants' Amended Affirmative Defenses (DE 27) is **GRANTED IN PART AND DENIED IN PART.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of May, 2014.

_____
KENNETH A. MARRA
United States District Judge